VINCENT G. HARTNETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hartnett v. Commissioner
Docket No. 8899-74.
United States Tax Court
T.C. Memo 1976-204; 1976 Tax Ct. Memo LEXIS 201; 35 T.C.M. (CCH) 874; T.C.M. (RIA) 760204; June 23, 1976, Filed Vincent G. Hartnett, pro se. Steven S. Brown, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $158.42 deficiency in petitioner's 1973 income taxes. The sole issue is whether petitioner is entitled to a deduction for child support payments. FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioner lived in Waukegan, Illinois, when he timely filed his 1973 income tax return with the Internal Revenue Service Center, Kansas City, Missouri; he lived in Chicago, Illinois, when he filed his petition herein. During 1973 petitioner sent $100 a month to his wife, from whom he was separated, to support his son, who was then living with her. The 1973 support payments were required under a separation agreement between petitioner and his wife. In addition to claiming a dependency exemption on his return *203 for his son, petitioner deducted $720 as "child support." Respondent disallowed the deduction for child support. OPINION The issue is whether petitioner is entitled to a deduction for child support payments. [1]
Petitioner cited no statute to support his deduction. He did read at trial, however, from an Internal Revenue Service pamphlet which apparently summarized section 214. [2] Petitioner based his deduction upon language contained in this pamphlet. Section 214 allows, in the case of an individual "who maintains a household which includes as a member one or more qualifying individuals," a deduction for certain "employment-related expenses" incurred "to enable the taxpayer to be gainfully employed." Clearly, section 214 is inapplicable herein since petitioner has not shown any connection between his gainful employment and the child support payments. Indeed, since petitioner's son lived apart from him, we fail to see how he could do so. *204 Section 215 [3] is also inapplicable. By petitioner's own admission, the child support payments were required by a separation agreement between petitioner and his wife. Since petitioner's payments were for child support, they would not be included in his wife's income as alimony under section 71(a) and therefore would not be deductible by petitioner under section 215. Respondent contends that section 262 [4] is applicable. That contention is correct, and we accordingly hold for him. Decision will be entered for the *205 respondent.
Footnotes
1. At trial, petitioner alleged that he should have deducted $1,200 for child support rather than $720 since he sent his wife $100 a month to support his child. In light of our holding, we need not reach this issue.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended. SEC. 214. EXPENSES FOR HOUSEHOLD AND DEPENDENT CARE SERVICES NECESSARY FOR GAINFUL EMPLOYMENT. (a) Allowance of Deduction.--In the case of an individual who maintains a household which includes as a member one or more qualifying individuals (as defined in subsection (b)(1)), there shall be allowed as a deduction the employment-related expenses (as defined in subsection (b)(2)), paid by him during the taxable year. (b) Definitions, Etc.--For purposes of this section-- (1) Qualifying individual.--The term "qualifying individual" means (A) a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(e), * * * (2) Employment-related expenses.--The term "employment-related expenses" means amounts paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed: (A) expenses for household services, and (B) expenses for the care of a qualifying individual.↩
3. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩